## Wable v. Watkins

*D. Richard Funk,* for plaintiff.
*Alexander Ogle,* for defendants.
*Ray C. Stoner,* for additional defendant.

FIKE, *J.,* February 6, 1986—We have for disposition: (1) a motion by defendant to extend the time for filing a complaint against the additional defendant, Lynette A. Funk, and (2) additional defendant's motion for a protective order pursuant to Pa.R.C.P. 4012, requesting the court to prohibit defendant from taking additional defendant's deposition as a party in the action for the purpose of preparing a complaint.

## FACTS

On April 17, 1985, original defendants filed a praecipe to issue a writ joining Lynette A. Funk as an additional defendant. Funk's attorney then filed a praecipe on April 24, 1985, for a rule on defendants to file a complaint against additional defendant. Defendants then, by notice, scheduled a precomplaint deposition of Funk, and filed a motion requesting an extension of the time for filing a complaint against her.

Additional defendant then filed her motion for a protective order to prohibit the taking of additional defendant's deposition and objecting to defendants'

requested extension of time for filing a complaint.

Additional defendant contends: (1) that the notice of deposition is defective because it fails to contain a "statement of the nature of the cause of action" against Funk as required by Pa.R.C.P. 4007.1(c); (2) that the notice is flawed because it establishes by its own text that the deposition is being taken for the impermissible purpose of determining whether or not defendants have a cause of action against Funk; and (3) that to justify precomplaint discovery, the requesting party must show that a complaint could not be drafted absent discovery, and that defendant has not shown such a need.

Defendants' notice of taking deposition states in pertinent part:

"The purpose of said deposition is not only to ascertain the usual information of a witness, particularly an eye witness to all the events surrounding the fall and injury of plaintiff, but also to ascertain from Lynette A. Funk, who has been joined as an additional defendant by a writ of summons, for the purpose of preparing a complaint against her.

"The scope of the examination is to include questions to ascertain whether additional defendant has breached any duty to plaintiff that may have caused or contributed to plaintiff's fall and ensuing injuries; toward this end, questions will include the additional defendant's knowledge or information as to plaintiff's vision, characteristics of her eye glasses, observations of plaintiff's physical infirmities and necessity and use of crutches, the reason or necessity of plaintiff's entering defendant's dwelling, additional defendant's observations once in the dwelling of the stairway and lighting, any help, assistance or warnings that additional defendant or

cautions that additional defendant may have given plaintiff, etc."

## DISCUSSION

Pa.R.C.P. 4007.1 governs procedure in deposition by oral examination. Paragraph (a) of the rule requires that reasonable notice of the deposition be given. The remaining paragraphs of Rule 4007.1 prescribe the content of the notice. At issue in the present case is paragraph (c) which reads as follows:

"(c) The purpose of the deposition and matter to be inquired into need not be stated in the notice unless the action has been commenced by writ of summons and plaintiff desires to take the deposition of any person upon oral examination for the purpose of preparing a complaint. In such a case the notice shall include a brief statement of the nature of the cause of action and of the matters to be inquired into."

Although defendants' notice of taking depositions states the purpose and also indicates several areas of inquiry, nowhere does it give a brief statement of the nature of the cause of action, as required by Pa.R.C.P. 4007.1(c). The reason for this requirement is that a person who has not yet been served with a complaint may not be aware of the exact basis of the action or of what is to be adjudicated and may thus be totally unprepared to submit to oral examination. Goodrich-Amram 2d Section 4007.1(c) :1. Although this reason is not as compelling when the deposition is to be of an additional defendant, fairness still dictates that a party be apprised of the nature of the action sought to be asserted.

Also, under Pa.R.C.P. 4003.1, the matter sought to be discovered must be relevant to the subject matter involved in the pending action. No determi-

nation of relevancy to defendants' claim against additional defendant can be made unless, at least, the nature of the cause of action is indicated.

Because defendants' notice of taking depositions does not give a brief statement of the nature of the cause of action, it does not comply with the requirements of Rule 4007.1(c), and we must agree with additional defendant that the notice is defective in this regard.

Additional defendant's second contention is that under principle established in prior Pennsylvania cases, although a party is permitted discovery as to facts necessary to support a cause of action already stated, a party is not entitled to precomplaint discovery to determine whether or not the party may have a cause of action against the person sought to be joined.

*Lutsko v. Sawka,* 27 D. & C. 2d 246 (1962) and *Rosenbaum Co. v. Tomlinson,* 7 D.&C.2d 500 (1956) cited by additional defendant, did hold that precomplaint discovery directed to a person sought to be joined is not proper if the purpose is to determine whether or not a cause of action, in fact, exists. These cases were decided, however, prior to the recent amendments to the Rules of Civil Procedure. The rule of procedure at issue in *Lutsko* and *Rosenbaum* was former Rule 4007(a), which read as follows:

"Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the

pleadings or the preparation or trial of the case."

The subject matter of former Rule 4007 is now contained in Rules 4001(c), 4003.1, 4007.1 and 4007.2. The present rules do not contain the requirement that discovery must substantially aid in the preparation of pleadings or preparation or trial of the case. Rather, the principle question now, under the present rules, is mainly one of relevance to the pending cause of action. Because of this, present Rule 4007.1(c) added the provision that if the action has been commenced by writ of summons and the party desires to take the deposition of any person upon oral examination for the purpose of preparing a complaint, the notice must include a brief statement of the nature of the cause of action and of the matters to be required. The present Rule 4007.1(c) obviously, therefore, requires the requesting party to have a cause of action prior to the precomplaint deposition. It follows that precomplaint depositions cannot be used for the purpose of determining whether or not a cause of action exists. We determine, therefore, that the principle enunciated in *Lutsko*, supra, and *Rosenbaum*, supra, is still valid, but that the principle is now based on interpretation of Rule 4007.1(c).

We, therefore, find that the defendant in this case can not engage in the requested discovery for the purpose of determining whether or not a cause of action exists against the additional defendant.

Finally, the additional defendant contends that in order for a requesting party to obtain a precomplaint deposition for the purpose of preparing a complaint, he must show that a complaint could not be prepared absent the discovery. Additional defendant cites *Crown Marketing Equipment Company v. Provident National Bank* 3 D.&C.3d 364 (1977) and *Pustilnik v. Southeastern Pennsylvania Trans-*

*portation Authority*, 45 D.&C.2d 799 (1968). See also, *Martin v. Hodlofski*, 53 D.&C.2d 144 (1971).

These cases, also, however, were decided prior to the recent amendment to the rules, and appear to be based principally on the requirement in former Rule 4007 that the deposition must substantially aid in the preparation of pleadings. As noted previously, the present rules do not contain this requirement. The basic principle, nevertheless, appears to be, sound, not by reason of a specific requirement in the rules that discovery substantially aid in preparation of the pleadings, but by reason of the very language of the present Rule 4007.1(c) and by reason of the necessity to protect a party's rights under Pa.R.C.P. 1037(a) and Pa.R.C.P. 2252(b)(1).

Under Pa.R.C.P. 2252(b)(1), a person sought to be joined has the right to demand the filing of a complaint within 20 days, and if a complaint is not filed to praecipe for a nol pros pursuant to Rule 1037(a). In order to avoid this sanction, the party issuing the writ must justify an extension of time within which to file his complaint. If the reason justifying delay is the need for discovery for the purpose of preparing a complaint under Rule 4007.1(c), it would seem that in order to avoid the sanction of nol pros, the party issuing the writ should show, in fact, that the delay and deposition are required for complaint preparation.

In the instant case, a description of the cause of action has not been stated by defendant in his notice of taking depositions, and it is not possible to determine at this stage whether the areas·of inquiry are relevant or whether defendant requires the deposition in order to prepare a complaint.

For this reason, also, therefore, we agree with additional defendant that defendants should not be permitted to take the oral deposition of additional

defendant on the present notice as filed by defendants.

The present opinion, of course, deals only with the deposition of Funk as an additional defendant for the purpose of preparing a complaint, and not with any deposition of Funk as a witness.

## ORDER

Now, this February 6, 1986, additional defendant's motion for protective order is granted to the extent that defendant is prohibited from taking the oral deposition of additional defendant for the purpose of preparing a complaint, unless defendant files an amended notice of taking deposition consistent with this opinion within the time period herein specified.

Defendant's motion for extension of time within which to file a complaint is granted to the extent that, within a period of 20 days, defendant shall either file complaint or file an amended notice of taking deposition consistent with this opinion, and if such an amended notice of deposition is timely filed, defendant shall have an additional period of 60 days within which to depose additional defendant and file a complaint.